UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-80045-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

TOMAS AARON JOHNSEN,

       Defendant.

_____/

## DEFENDANT'S REPLY TO GOVERNMENT'S MOTION TO REDUCE DEFENDANT'S SENTENCE PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 35(b)

Mr. Johnsen respectfully requests this Court reduce his sentence by fifty (50) percent pursuant to Rule 35(b), instead of the twenty-five (25) percent requested by the government. *See* DE 50. Mr. Johnsen is currently servicing a three hundred sixty (360) month sentence for production of child pornography. DE 45. Mr. Johnsen is also currently serving a concurrent state sentence of twenty (20) years for the same conduct as outlined in the federal case. *See* PSR ¶ 62 at DE 45 and Attachment A: Plea Agreement and Court Event Form in 2016CF10501.

Prior to his sentencing in both the state and federal case, Mr. Johnsen began cooperating with both the federal and state authorities on several matters,

including information regarding a local jail confession made by a state defendant charged with a violent, punishable by life offense- sexual battery with a deadly weapon and other charges including robbery with a deadly weapon. *See* Attachment B: Probable Cause Affidavit and Trial Court Event Form. That defendant's name is Andre Mann, and it is the cooperation against Mann that is the basis of the government's motion. Mr. Johnsen provided a taped statement, a deposition, and then testified openly in state court at the state jury trial. For months, Mr. Johnsen sat in protective custody in isolation (solitary confinement) at the local jail, instead of being transported to a federal facility, so that he could assist the state in their prosecution. Mr. Johnsen was in protective custody because he was previously physically attacked and injured as a result of his charges. As such, his months "waiting" to testify for the State was especially difficult and warrants consideration from the Court. So does his open court testimony, which made him vulnerable to all the repercussions of public cooperation. In response to the government's inquiry about Mr. Johnsen's assistance, the state prosecutor wrote AUSA Schiller that Mr. Johnsen's testimony was essential to their conviction.

At the time of his federal plea agreement and sentencing, the parties had discussed the possibility of a future Rule 35 reduction, if Mr. Johnsen's cooperation rose to a "substantial level." In other words, the parties anticipated a possible Rule 35 when making their joint recommendation to the Court as to the original sentence. Also at sentencing, the victim's mother expressed her

reservations about the length of the sentence. It is the understanding of undersigned counsel that the victim and her family support a Rule 35 reduction.

Since the sentencing, Mr. Johnsen has been a model inmate at the Coleman prison. Mr. Johnsen does not have any disciplinary violations at Coleman, and he has completed substantial programming and actually teaches First Step Act courses to other inmates including money management and other courses.[1] Mr. Johnsen also helps other inmates with the GED preparation, math tutoring, and typing legal documents. Importantly, Mr. Johnsen attends "Restore," a trauma based therapy program and attends group therapy.

Both AUSA Gregory Schiller and undersigned counsel have spoken to the state prosecutors, and the State does not intend to reduce Mr. Johnsen's related state sentence. As such, a greater reduction of the federal sentence, beyond approximately thirty-three (33) percent, would result in Mr. Johnsen going to the state department of corrections. Therefore, it is not anticipated that if this Court granted a fifty (50) percent reduction that Mr. Johnsen would be released to the community. However, once released, this Court imposed three hundred (300) months of supervised release.

Lastly, Mr. Johnsen does waive his presence for any hearing the Court may

---

1 A BOP progress report, disciplinary report, and other proof of courses completed has been requested from the facility but undersigned counsel is still waiting on the records. Undersigned counsel will file the records with the Court once they are received and would request the court defer ruling until after review of the prison records.

set related to this motion, but he intends to file a letter to the Court.

WHEREFORE, Mr. Johnsen respectfully moves this Honorable Court to reduce his sentence by fifty (50) percent because of his substantial assistance to the state authorities.

Respectfully submitted,

MICHAEL CARUSO
Federal Public Defender

*s/ Kristy Militello*
Kristy Militello
Assistant Federal Public Defender
Attorney for the Defendant
Florida Bar No. 0056366
250 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
(561) 833-6288 - Telephone
Kristy_Militello@fd.org

CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Kristy Militello*
Kristy Militello